## Henry L. KLEIN, Appellant

v.

## AMERICAN LAND TITLE ASSOCIATION, et al., Appellees.

### No. 13–7035.

United States Court of Appeals, District of Columbia Circuit.

March 26, 2014.

Henry L. Klein, pro se, and on Behalf of All Others Similarly Situated, Law Office of Henry L. Klein, New Orleans, LA, pro se.

David Blair Killalea, Manatt, Phelps & Phillips, LLP, David M. Foster, Fulbright & Jaworski LLP, Washington, DC, Kevin J. Arquit, Simpson Thacher & Bartlett LLP, James Ian Serota, Greenberg Traurig LLP, New York, NY, Stephen Joseph O'Brien, Esquire, Odin, Feldman & Pittleman, PC, Reston, VA, for Appellees.

Before: TATEL and BROWN, Circuit Judges, and RANDOLPH, Senior Circuit Judge.

### JUDGMENT

This appeal was considered on the record and the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

Appellant Henry Klein, a lawyer proceeding pro se, served as a guarantor for two loans purchased by Levy Gardens Partners 2007, L.P. ("Levy Gardens"). In connection with these loans, Levy Gardens purchased three title insurance policies. Klein alleges that these "misleading and deceptive" policies resulted from price-fixing on the part of Appellees, who are title insurers, a holding company, and an industry trade group. Am. Compl. ¶ 3. The district court dismissed the complaint, concluding that Klein lacked antitrust standing because, as a guarantor, he "asserted only consequential harm attributable to anticompetitive conduct." *Klein v. American Land Title Association,* 926 F.Supp.2d 193, 200 (D.D.C.2013).

Contrary to Klein's belief, a plaintiff must demonstrate antitrust standing in order to pursue an antitrust claim. *See Associated General Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 535, 542–45 & n. 31, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983); *Andrx Pharmaceuticals, Inc. v. Biovail Corp. International,* 256 F.3d 799, 806 (D.C.Cir.2001). To assess whether Klein has antitrust standing, we look beyond simply whether his injury "might conceivably be traced to an antitrust violation." *Associated General Contractors,* 459 U.S. at 534, 103 S.Ct. 897 (internal quotation marks omitted). Among other factors, we consider the "directness of the injury" and "the existence of more direct victims." *Andrx Pharmaceuticals,* 256 F.3d at 806; *see Associated General Contractors,* 459 U.S. at 535, 542–45 & n. 31, 103 S.Ct. 897. Here, Klein neither purchased nor was insured by the insurance policies. His only connection to these policies is his status as a "guarantor of [the] two loans." Am. Compl. ¶ 8. As such, Klein's alleged monetary losses were a direct result of Levy Gardens' inability to pay its loans and flowed only indirectly

from any purported antitrust conspiracy. Other circuits have routinely considered such a derivative injury insufficient to confer antitrust standing. *See, e.g., Florida Seed Co., Inc. v. Monsanto Co.,* 105 F.3d 1372, 1375–76 (11th Cir.1997); *Lovett v. General Motors Corp.,* 975 F.2d 518, 521 (8th Cir.1992); *Stein v. United Artists Corp.,* 691 F.2d 885, 896 (9th Cir. 1982). Not only does Klein make no attempt to distinguish any of these cases, but his only argument on the directness of his injury is this entirely conclusory and non-responsive statement: "To the extent the defendants suggest your Complainant has no antitrust standing because he is too indirect or remote, that suggestion defies logic and *ignores* the realities of Complainant's business *and* property damaged by the 'breakdown in the competitive conditions' of the title insurance marketplace." Appellant's Br. 40.

Klein insists that Appellees are "[m]isdescribing the gravamen of [his] Complaint" as solely an antitrust claim. Appellant's Br. at 23 (emphasis omitted). Nowhere in his brief, however, does Klein identify what other claims he believes appear in his Amended Complaint.

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.